Third case on the morning call is 011-885, people in the city of Biltmore v. Stephen Sweigart on behalf of the warrant, Ms. Josette Skelnick, and on behalf of the attorney, Mr. Matthew K. Schmidt. Thank you. Ms. Skelnick? Good morning, your honors, morning, counsel. May it please the court, Josette Skelnick, I'm here this morning on behalf of Stephen Sweigart Mr. Sweigart was convicted of child abduction under an indictment that alleged that he intentionally tried to lure attempted to lure an 8-year-old boy named Eddie into his motor vehicle or dwelling place without the consent of Eddie's parents and for other than a lawful purpose. We're asking that Mr. Sweigart's conviction be reversed based on insufficient evidence. In order to prove the defendant guilty of an offense that's charged as an attempt, even if it's within a substantive statute, the state has to prove both an intent to commit the underlying offense and that the defendant took a substantial step towards successfully committing that offense. Isn't a substantial step built within this particular statute? It's not necessary to show the substantial step? In other words, it's part of the statute? Well, the statute includes, child abduction is defined both as luring and attempting to lure. But when, for example, in the Kirchner case, when the offense was disarming a police officer, that offense included not only actually disarming the officer, but attempting to disarm the officer. And when you're analyzing whether an attempt has been committed, whether it's under the attempt statute or whether it's included in the statute itself, you still use the general principles applicable to attempts. And in order to prove an attempt, it's not enough just to... I mean, obviously, his statement here, which was rather an odd statement, but his statement was, do you want to come to my house and play with jets and choo-choo trains? Sure, that's an intent to lure. But that statement in and of itself is not sufficient to prove the next part of the statute or of an attempt, which is that you are in dangerous proximity to actually successfully luring the child. Well, counsel, hasn't that test or rule been changed? I'm looking for the right verb, I'm sorry. But anyway, isn't the model penal code now what we look to to determine a substantial step? And haven't we abandoned the test of dangerous or the rule of dangerous proximity to success? No, we haven't. In fact, there was a recent case from this court, which is not cited, but I'm aware of it, Lipscomb Bay, People v. Lipscomb Bay, which was an attempt armed habitual criminal act. And again, that court was within the last month, I believe, said, in order to prove a substantial step, you must prove that the defendant came within dangerous proximity to success in committing the offense, the underlying offense. So I don't believe that that rule has changed with respect to what has to be shown. Do you have a citation for that case? I do not, but it's from this court. Okay, thank you. Aren't we discussing a mixed question of law and fact? I'm sorry, could you repeat? Aren't we discussing a mixed question of law and fact? Sure, yeah. I think in this case, though, I don't think any, first of all, I don't think the judge, when the judge was making his findings in this case, he really didn't discuss anything at all about how close Mr. Swigert was to success. He really focused on intent without the consent of Eddie's parents, other than a lawful purpose. There was really not a discussion of, I think he conflated the idea that these comments evinced an intent to lure Eddie, but did not go on to say, but what was the proximity to success? Well, how about the circumstantial evidence in this case? Wouldn't that lend itself to the intent of your client? Oh, I don't think it's an issue of intent. Intent is one of the factors that has to be proven to show an attempt. The intent itself is not sufficient to prove the attempt. For example, look at the other cases that were cited, Embry, Joyce, Valens, Patton, cases where there were attempts to lure a child. Those are cases where the defendant was, essentially the defendant was trolling down the street in his motor vehicle, looking for a child that was isolated, and did find children that were isolated, and made comments to them to try to lure them in the vehicle. In fact, when you look at the model penal code, which is discussed in Terrell and Smith, they talk about certain factors that show a substantial step, and among them are things like lying in wait, reconnoitering the place contemplated for commission of the offense, and having possession of the instrumentality necessary to commit the crime. Well, how about if we can just, excuse me, adding enticing or seeking to entice the victim of the crime to go to the place contemplated for its commission? Sure, that shows his intent to lure, but he doesn't have the instrumentality, unlike those other cases where the defendant was in the car. He doesn't have the instrumentality. Well, Your Honor, he was close to the door, so the child was close to the door, unlike your client stated he was in an aisle. He was close to the door, he was isolated. But I disagree that he was isolated, Your Honor. He was away from any adults there. Well, one thing I would like to note, there was a video introduced in this case, and I don't know if Your Honor has had a chance to view it yet. If I knew how to use video equipment and if I were confident I could get it to play, I would probably want to play it for you. But I think that video is very significant in determining proximity, dangerous proximity to success here. First of all, it shows especially the encounter between Eddie and Mr. Swiger. In addition to what he said, would he have to say in order to achieve the result that he allegedly desired, if the child said yes? If the child said yes, first of all. Then all he would have had to do is walk him to his car, correct? Or would he have to pick him up and run to the car? I think it depends on the facts you have before you. And in this case, I don't think there was, first of all, I don't think there was even a plan in this case, and I think the video bears that out. The cases say that mere preparation to commit an offense is not an attempt. There wasn't even preparation in here. This was a chance encounter. If you look at the video that shows the encounter, the mom and the sister are at the checkout. Eddie's a few feet away from them. The defendants know we're in the area. You then see him coming back around the checkout aisles, walking past Eddie, stopping a few feet away from him, talking to him briefly, turning, talking to him again, and leaving. But he was waiting for other people to be away from the child. Well, that's actually not even an accurate representation. What happened in that case was he started walking toward the exit, and there was a JUUL employee pushing a cart, so it blocked his access to the exit. So there wasn't any indication. In fact, people were passing, if you look at the video, people are passing back and forth consistently during this. And I timed it. It's about a 25-second conversation. I would like to ask you a question or two about the prayer for relief, which is you want an outright reversal. You're not requesting a remand for a new trial. Correct. And considering your statement during oral argument that you thought that the judge didn't properly consider the evidence and dealt primarily with intent, et cetera, instead of the dangerous proximity or probability, if the trial court didn't consider the evidence appropriately, how can you claim that there should be an outright reversal instead of a remand so that the trial court can either make new findings of fact and conclusions of law or have a new trial? Because I think this does come down to a question of law as to whether the defendant was in dangerous proximity to success. And we're not talking about is there a possibility, is there some proximity. It's dangerous proximity. And it's a situation where under these facts there's no contact, no physical contact between the defendant and Eddie. He's at least a few feet away from him. He doesn't do anything after Eddie simply says no. His mother and sister are within a few feet of him. His car is out in the parking lot. His house, the statute requires intent to lure him into a vehicle or a dwelling place. His car is out in the parking lot. It's not running. It's not near the exit. I'm having a problem with your argument because it sounds to me like you're suggesting that there may be a bright-line test. And when I said to you earlier, isn't this a mixed question of law and fact, which relates to manifestly erroneous, how can it become a question of law unless the facts are, you're basically saying to us that the facts are uncontroverted and the facts are that no reasonable person would deem that what he did would be dangerous. Is that correct? Brought him in dangerous proximity. Okay. Yes. You're not saying, and I thought I heard you say this, but clarify for me. You're not saying that a child abduction cannot occur if the opportunity presents itself. You're saying, are you saying that it has to be planned? No, what I'm saying is that the state in this case argued in its brief that Mr. Swigert was lying in wait, that he was waiting for Eddie to be alone. There's no indication that that's the case here. This was just an encounter where my client happened to pass by Eddie, made very stupid comments. I mean, you don't say to a child who's a stranger to you, do you want to come to my house? But the statement, while it may evidence some kind of intent, doesn't in and of itself lead to dangerous proximity. There has to be something more there than just the statement. Well, in Lipscomb Bay, it appears that they look to the model penal code also. I mean, they may have used the, they have a sentence, a substantial step occurs when the act puts a dependent in a dangerous proximity to success, but the very next paragraph is they examine the model penal code, and certainly the paragraph leading into that indicates that what constitutes a substantial step is determined by each case's unique facts and circumstances, which is what Justice Shostak and Justice McFerrin, I think, were trying to get at with their questions. And still the defendant does not have to complete the last proximate act to actual commission of the crime, citing various cases. The facts are to be placed on a continuum between preparation and perpetration, citing Turrell. So I don't think we ignore the model penal code here. I think it seems to me that you're saying that you don't believe the facts show that he was lying in wait. Well, and also I do have a list of the, from the model penal code, of conduct that they say could be held to constitute a substantial step, and lying in wait is one of them. Enticing is one, but that's the intent to lure here. So there has to be something more than just an intent to lure, because otherwise you wouldn't need anything other than a statement. And I don't think a mere statement to a child establishes that you're beyond plan to dangerously close to completing the offense. What if you made the statement standing right next to his car in the parking lot? That might be different if the car were, yeah, I mean, certainly, and no one else was around, sure. You don't think it's relevant or material as to what is said to the child? Not necessarily, because I think in all those other cases where the defendant is driving down the street looking for a child, I mean, he's, and he sees a child walking down the street by himself, that defendant's in dangerous proximity to success whether he speaks to the child or not. Now, the statement may evidence his intent, but I think it's the fact of having the instrumentality and being able to successfully implement it, whether you do or not, but being in a position where you could, that brings it in dangerous proximity to success. Well, even being near them and being in a car and not saying anything, whereas some of the cases say they waved to him, that certainly isn't enough. But in this case, in Joyce's case, people versus Joyce, don't they tell us that you can look at the totality of the circumstances? And in this case, you have him approaching, he leaves quickly, he then lies to the police officer about what aisle he was in in the store, and then looking at what was found in his van. Isn't that the totality of the circumstances that would lend to what his intent was, an intent to lure him in the store? Sure, but you have to have the intent to lure combined with not simply the statement, but the means of accomplishing that. The ability to accomplish it. Right. And certainly what was in his car, yeah, what was in his car was disturbing, but it wasn't, that didn't mean that while he was in the jewel, anything that was in the car brought him in more dangerous proximity to success. It went to, did he have other than a lawful purpose, may have gone to, was his intent to lure this boy, things like that. So you're submitting to us that there is no way that he could have lured the child from that front bench in Jewel to his car? Oh, no, I'm not saying there's no way. I'm saying that under the circumstances here where he made these brief comments to the little boy, little boy said no, he turned and left. Okay, so how about in the cases where the girls are walking down the street from school and he says, hey, come on, get in my car, I don't bite. And they say no. Does the fact that they say no mean that there was no attempt? No, because he has the means right then and there to effectuate that. So that's my question to you. You said he would, it would be not possible for him to take that kid into his car. And you said, no, I disagree with that. He had the means to take that child from that bench into his car, maybe not as readily or as easily if the car was parked beside him. But the mere fact that the child said no does not mean he didn't make an attempt, does it? It means that it really doesn't matter whether Eddie said yes or no. What matters is what the defendant's conduct was. And the defendant did not do anything to bring him any closer to getting him into his car. He didn't drive by him and wait for him. And you're still proposing that he didn't have the ability to facilitate the actions? No, I'm saying that he didn't effectuate it. He didn't get sufficiently close to effectuating it. Okay. Thank you. You'll have an opportunity to make a point of it. Thank you. Mr. Schmidt. Good morning, Your Honors. Good morning. My name is Matthew Schmidt. I'm here representing the people in this matter. One thing that I think is kind of getting a little sideways is that by speaking the words, he's committing the act of luring itself. It doesn't just evidence an intent to commit luring. Luring is defined as any knowing act to solicit, tempt, or attempt to lure. So by saying, come with me to my car, or come with me, I have all these cool toys at home, he's actually committing the act of luring. Well, wouldn't it be different if he was sitting in maybe a big auditorium with 1,000 people and he went up to a kid and said, hey, you want to come over to my house? I've got these toys. Isn't it a little different than if he's driving down the street and he's in close proximity to the child and close proximity to achieving the result that he is trying to achieve? Isn't that any different? I would say that it is different. However, I think that this situation falls much closer to someone pulling up in a car driving down the street than it does to an auditorium full of people. Right, but it's still just you're just saying that the words alone are enough to lure. I'm saying that the words alone are an act, an act of furtherance to lure the child into the car. It's not, the words don't only evidence an attempt, they're an act that gets him closer, like the defense counsel said. They're an offer. Whether or not the child accepts it is irrelevant. How about the probability of them completing that step? The likelihood of completion of that step, is that relevant? Well, I would point to one of the cases that a defendant signs, People v. Johnson, where a man attempted to commit arson by pouring gasoline next to a house on the snowy ground while a cop was watching him from across the street, but he didn't have a lighter. In that case, he couldn't have started a fire, even if he had wanted to. Maybe by rubbing some sticks together or something, I'm not sure. But the court still found that it was close enough to be in dangerous proximity that he took a substantial step towards the commission of arson. And your argument, if I may paraphrase it is, if he had said, do you like trains, that wouldn't have been an offer. That wouldn't have been a luring. Just to say, do you like trains? Do you like Ovaltine? Do you want to run around in the parking lot? Do you want to run up and down the aisles? These are not luring questions. Correct it is. Would you like to come with me to Orlando and we'll go to Disney World and you'll be able to ride on any ride you want. That's an offer. That's a luring. Yes. So it doesn't make any difference whether the child says, what flight are we going to take? Because I'm not available until Friday. I don't believe it's dependent on the child's schedule. Okay. But isn't that conflating the intent with the substantial step? I mean, that analysis that you're proposing. Well, I think the intent. I mean, the intent we get from the words. But you're saying the words then also act as the substantial step? Yes, because he's actually enticing the child to come with him. That's an act. It's not just, I mean, the intent can be inferred from many things. It can be inferred from the items in his car, the fact that he didn't have the mother's permission, lots of things. But the luring in and of itself is an act. It's an attempt. It's enticing or soliciting, which is exactly what he did. He said, hey, come to my house. And he says no. And the guy says, are you sure? It could be fun. So are you submitting that's the substantial step? Yes, by actively saying come back, by actively luring him, by saying I'm going to, by soliciting the child to come back to my house. That is a substantial step in furtherance of getting Eddie into the van. And I would say that as to the previous comments about lying and weight not being in the record, Detective Corl testified that the defendant told him in the interview that he looked around to see if anybody was going to go past, waited for the employee to go past, and then made his approach. So I would say that that is present in the record and something that the trial court looked at. I would also say that the trial court found that the exit to the parking lot and the van were easily accessible. So I think that definitely goes to the substantial step and or dangerous proximity to success clause. Do you believe that you need a strong probability of physical success with the way the model penal code is written? I wouldn't say so, no. Simply because we have things like identifying a settled target and waiting. It could be across the street. That's not precisely the closest physical proximity, but it's still enough under the model penal code of a factor for a judge to be able to look at. It's nearly the enticing prong is enough. I would say that here we fairly clearly have a substantial step by the defendant seeing this boy, waiting until people walked away, and then actively saying, hey, do you want to come back to my place to play with choo-choo trains and airplanes? And then asking again, are you sure? When he says no, that is an act. That is a substantial step towards getting the child into his car. Would it have been the easiest thing to get the child into the car? No. But I don't think you ñ if we're talking about needing to pick the kid up and carry him out to the car, I think that falls under a very different element of the child abduction statute. Under this ñ under the way it was charged, all he needs to do is attempt to lure. And he took a substantial step by saying these things to the child towards luring him into his van. But doesn't that analysis put us in a position of perhaps a danger of criminalizing unwise but innocent behavior if two sentences can be considered an attempt? Well, it's not the two sentences alone, Your Honor. It's the two sentences plus the materials in the van, plus the fact that he waited for the child to be alone, plus the fact that the parents weren't around, things of that nature. I think all of those ñ They were within, what, 10 feet. I mean, they were at the checkout counter and he was not too far away. So, I mean, one could say he was in close proximity to his family. One could. But as you stated before, you look at the totality of the circumstances here. And the totality of the circumstances evidence that he was trying to lure this child. And he made a substantial step towards doing so by asking him to come out into the parking lot. So you take the totality of the circumstances to determine intent? Yes, Your Honor. And I think that's where you can divide someone's generally saying, do you like Ovaltine from do you want to come back to my house or do you want to go to Orlando? By looking at the totality of the circumstances, I think the intent kind of informs what the attempt is. Well, looking at whether he likes Ovaltine or whether you'd like to come back to my house to play with some choo-choo trains would go to the substantial step, wouldn't it? Correct, Your Honor. That's what I think. Merely asking questions isn't in and of itself an attempt to lure. Would it be better to say, or more precise to say, that the totality of the circumstances would establish whether or not there was a child abduction attempted? And then whether or not there was an attempt to lure sometime during the process. And if there was, then there was a crime established? Yeah, I would say that would be accurate, Your Honor. Do you look at the attempt to lure in a vacuum or do you look at it in the totality of the circumstances? You look at it in the totality of the circumstances, which is why with everything combined here and the asking of the questions, do you want to come back to my place and are you sure, that is a substantial step towards child luring. Would the fact that he asked a question outside the presence of the parent have some probative effect? I would believe so, at least as it goes to the unlawful purpose, since you can infer an unlawful purpose from whether or not there's permission. If the mom had been standing there and said, sure, go with Mr. Swire to play with choo-choo trains and planes, then it wouldn't be an unlawful purpose, perhaps. Even though there was an attempt to get him to talk? Even though there was an attempt at luring, yes, Your Honor. Unless there are any more questions? I have none. Thank you, Your Honors. For those reasons, we would ask that this Court affirm the ruling of the Court of Appeals. Thank you. Your Honor, the only comment I'd like to make is, I think the Court and the State is only partially reading this statute. It's not just luring a child. The statute provides that you commit child abduction when you intentionally lure or attempt to lure a child into a motor vehicle or dwelling place. So there has to be some connection between the luring and one of these specified places, at least for purposes of discharge. There's other locations, too. So if you went up to a child on the street who was maybe standing with other kids and said, hey, do you want to come to my house? You're not near your house. You're not near a car. The comment itself might show an intent to lure, but there's no likelihood at all of success at luring a child into your home or vehicle because neither one of them is in the vicinity. It seems like your argument is that there's a sine qua non and either there has to be a vehicle or a home in relative proximity to the parties in question. Or at least an ability and actions that would lead you to successfully bring the child to that location. When you say an ability, what do you mean? Well, certainly with respect to the case law where child abduction convictions have been upheld, the ability is the defendant is in his motor vehicle, and that's the typical scenario. In Woodrum was a case where the defendant had the children come into his home. But I have not seen a case where the defendant is in or near his vehicle or in or near his home where there's been a child abduction conviction sustained. But you didn't cite any cases where there was not one either? No, I didn't see one either way. No, and the only cases that you've cited that there isn't a luring or a child abduction where he drives past and just waves, and that was not enough. So you don't have a case saying, well, the proximity of the house or the proximity of the car is relevant. So how is it that we have to make that monumental leap to say the proximity of his home or whether or not the child even knew what the proximity of the home was? Because the statute itself says the attempt is to lure the child into the motor vehicle or the dwelling place. So he said, come to my house. So he's trying to lure him into his home. He'd have to get him into his car before he took him to the home. The car is parked outside of the store. Where do you find case law or how do you direct us to say if the car is within 50 feet, he can lure, if the car is outside of 50 feet, it's unreasonable to think he can lure? I think you just have to look at the particular facts and circumstances. Again, there's a clear line with respect to the defendant being in his vehicle, going down the street, finding an isolated child. There isn't a lot of case law about the defendant makes the statement, is that in and of itself enough, which seems to be the direction the state is heading. If his statement evidences an intent to lure, then the state is saying that's all you need. Well, maybe somebody who is a little bit more, a little different than somebody like your client who has a boatload of sex toys in his van, that particular person, like your client, might not think as rationally as another person and may think he's able to get him into that van and he is going to lure him. Your client's mental state is certainly, his mens rea is important here, is it not? In terms of the intent? Yes. I suppose in terms of the intent, but I don't know that that then means that we've established dangerous proximity to success. In his opinion, the likelihood of success may be greater than perhaps in the opinion of somebody like the three of us or you or everyone in the courtroom sitting here, correct? Might be, but I don't think his opinion of how close he is to success is really what matters. So should we not take that into consideration in determining the distance of the van, the distance of his home when deciding, asking us basically to not make a bright line rule, but to kind of go out there and say, well, if the van is in the parking lot as opposed to driving down the street moving, then it can't, there is no likelihood of success.  I'm not sure, I mean, I guess the cases don't even really, they specifically say there is no bright line rule. Exactly. That it depends on the totality of the circumstances. Right, and so you're bringing us no case law that says if the car is parked within 50 feet or the car is not running or the engine is not idling, therefore there cannot be a likelihood of success. You're not bringing us anything like that. So you're asking us to make that determination basically. Correct. Without a bright line rule. Correct, because it does depend on the circumstances and it does depend on whether the defendant, and there's a continuum from preparation to successful commission. It's somewhere along this line and I can't say in every case if a defendant makes a statement to a child about coming to my house or coming to my car and he's not right next to his car or right next to his house, I don't know that in all circumstances that would mean there's not a dangerous proximity to success. In this case, under the circumstances here, there wasn't. And one more question before you go. Justice McClaren brought it up with the state, because when you were up here, you were saying that the totality of the circumstances should only go to intent. The totality of the circumstances does not go towards the likelihood of success with the child abduction. Is that what you're saying? I think certainly there's a lot more objective factors at work when you're looking at proximity to success. Intent obviously is subjective determination, but yeah, I think it's fair to say that it's a more objective test with respect to proximity, dangerous proximity to success. Okay. Thank you. Thank you. Thank you. That's it. One more case on the call and we'll do a short recess.